UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20702-CR-UNGARO/SIMONTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**RAYMOND DWAYNE REYNOLDS,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Petition for Warrant or Summons for Offender Under Supervision (DE # 53). This matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Judge, to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to whether or not the Defendant's probation should be revoked (DE # 61). For the reasons stated below, and based upon the joint recommendation of the parties, it is recommended that the defendant's probation be revoked based upon the Defendant's admission as to Violation One, and that the term of probation be reinstated at sentencing with the special condition that the Defendant resume his residence at Dismas Charities, Inc.; and, that the Government's *ore tenus* motion to dismiss Violation Two be granted.

    I.    **BACKGROUND**

On January 7, 2010, following his conviction for conspiracy to import, and importation of, a detectable amount of marijuana, the Defendant was sentenced to serve thirty-six months of probation. The Court imposed three special conditions: (1) Defendant shall maintain full-time, legitimate employment; (2) Defendant shall participate in an approved treatment program for drug and/or alcohol abuse; and (3) Defendant is

required to live in Dismas Residential House for one (1) year.

## II. THE PRESENTLY PENDING PETITION

On May 28, 2010, the presently pending Petition was filed, which charges the defendant with two violations of his supervised release as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Violation of Special Condition**, by failing to participate in Dismas Charities, Inc. Residential Re-entry Center. On or about May 15, 2010, the defendant was unsuccessfully discharged from Dismas Charities, Inc., for testing positive on an alcohol test on May 15, 2010, and refusing to take another alcohol test on May 15, 2010. The defendant also refused to take a urine test on the above date. |
| 2. | **Violation of Special Condition**, by failing to maintain full-time legitimate employment and not to be unemployed for a term of more than 30 days. Since January 7, 2010, the defendant has failed to maintain full time employment and has remained unemployed for a term of more than 30 days. |

## III. THE HEARING

An evidentiary hearing regarding these violations was convened on August 5, 2010. Present at the hearing were the Defendant, his counsel, U.S. Probation Officer Gidgett Mitchell, counsel for the Government, and witnesses from Dismas Charities. The parties announced at the outset of the hearing that they had agreed to a resolution of this matter. The Defendant agreed to admit Violation One, in that he refused to take an alcohol test, and was subsequently discharged from Dismas Charities. The Government agreed that this admission was sufficient to establish Violation One, and did not seek to present evidence to support the additional facts alleged in connection with Violation One. In addition, the Government agreed to dismiss Violation Two at the time of sentencing.

The parties also agreed that the Defendant had been a model resident of Dismas Charities Residential Re-entry Center up to that point; and, that Dismas Charities wanted to take the Defendant back and would permit him to reside there if permitted by the Court.

In addition, as to Violation Two, the parties agreed that the Defendant had been seeking employment actively and in good faith; and, therefore the Government moved to dismiss Violation Two at the time of sentencing. After being advised of his rights, the Defendant knowingly and voluntarily admitted Violation One, as limited to his refusal to take an alcohol test. The Government elected not to pursue to the remaining facts alleged in Violation One.

The parties jointly requested that this Report and Recommendation include their request that upon sentencing, the Defendant be reinstated to probation, and be ordered to reside at Dismas Charities Residential Re-entry Center as a special condition of probation.

Therefore, it is hereby

**RECOMMENDED** that the Court revoke the Defendant's probation based on his admission to Violation One; and that Violation Two be dismissed at the time of sentencing. It is further recommended that the Defendant be reinstated to a term of probation with the special condition that he reside at Dismas Charities Residential Re-entry Center.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely

shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F. 2d 745 (11th Cir. 1988; *RTC v. Hallmark Builders, Inc.*, 996 F. 2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Miami, Florida, on August 25, 2010.

*[signature]*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record